IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM VALICHKA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-13-0618 |
| KETTLER INTERNATIONAL, INC., et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The Plaintiff William Valichka sued Defendants Kettler International, Inc., doing business as Kettler USA, and Heinz Kettler GmbH & Co. KG, a German corporation, alleging that a defective plastic folding chair manufactured and distributed by the Defendants caused him injury. Presently pending is the Defendant Heinz Kettler's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 21). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, the Defendant's Motion (ECF No. 21) will be DENIED.

BACKGROUND

The Plaintiff William Valichka is a New Jersey resident. Defendant Kettler International, doing business as Kettler USA ("Kettler USA") is a Virginia corporation. Defendant Heinz Kettler ("Heinz Kettler") is a German corporation. On August 27, 2010, the Plaintiff was sitting in a plastic folding chair on his yacht docked in St. Michael's, Maryland. The chair broke, and he fell and sustained injury.

Valichka sued the distributor of the chair, Kettler USA, for negligence and strict product liability. The Plaintiff originally filed suit against Kettler USA only. In answers to interrogatories, Kettler USA denied that it designed or manufactured the chair, and instead identified Heinz Kettler as the designer and manufacturer. As a result, this Court granted the Plaintiff leave to file an Amended Complaint naming Heinz Kettler as a Defendant. (ECF No. 17.) Heinz Kettler now moves to dismiss the claims against it on the basis of lack of personal jurisdiction.

## STANDARD OF REVIEW

A nonresident defendant may be entitled to dismissal through a challenge to a district court's power to exercise personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. *CoStar Realty Info., Inc. v. Meissner*, 604 F. Supp. 2d 757, 763-64 (D. Md. 2009). "[T]he jurisdictional question is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). If jurisdiction turns on disputed facts, the court may hold an evidentiary hearing, or may defer ruling on the jurisdictional question until receiving relevant evidence at trial. *Id.* However, if the court relies solely on the basis of the complaint, affidavits, and discovery materials, "the plaintiff need only make a *prima facie* showing of personal jurisdiction." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). In determining whether the plaintiff has made a *prima facie* case of personal jurisdiction, the court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Mylan Labs. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993).

DISCUSSION

Pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, a federal district court may assert specific personal jurisdiction over a nonresident in accordance with the law of the state in which the court is located. *Synergics Energy Servs., LLC v. Algonquin Power Fund (Am.), Inc.*, No. ELH-13-2257, slip op. at 12 (D. Md. June 20, 2014). Therefore, as this Court has previously noted, its exercise of jurisdiction must: (1) be authorized by the forum state's long-arm statute and (2) be consistent with due process. *Haley Paint Co. v. E.I. DuPont de Nemours & Co. (In re Titanium Dioxide Antitrust Litig.)*, 775 F. Supp. 2d 790, 796 (D. Md. 2011) (citing *Carefirst of Md., Inc.*, 334 F.3d at 396). Although Maryland courts interpret the state long-arm statute coextensively with the Due Process Clause of the United States Constitution, the long-arm statute must still be examined as part of the two-step personal jurisdiction analysis. *In re Titanium Dioxide Antitrust Litig.*, 775 F. Supp. 2d at 796 (citing *Carefirst*, 334 F.3d at 396; *Mackey v. Compass Mktg., Inc.*, 892 A.2d 479, 493 n.6 (Md. 2006)). Therefore, a plaintiff must specifically identify a provision in a Maryland statute that authorizes jurisdiction. *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F. Supp. 2d 649, 652 (D. Md. 2001). Although it is preferable for a plaintiff to identify the statute authorizing jurisdiction in its complaint, a plaintiff alternatively may reference the applicable statute in its response to a defendant's motion to dismiss. *Johansson Corp. v. Bowness Constr. Co.*, 304 F. Supp. 2d 701, 704 n.1 (D. Md. 2004).

In this case, the Plaintiff did not reference a specific Maryland statute in his Amended Complaint. He did however, allege that the Defendants "supply and/or contract to supply goods, services and/or manufactured products in Maryland and derive substantial revenue

from the sale of goods and/or manufactured products, used, consumed, or purchased in Maryland. Am. Compl. ¶ 6. These allegations mirror language contained in Maryland's long-arm statute, which provides in relevant part:

> A court may exercise personal jurisdiction over a person, who directly or by an agent:
>
> \*\*\*
>
> (3) Causes tortious injury in the State by an act or omission in the State;
> (4) Causes tortious injury in the State or outside the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food services, or manufactured products used or consumed in the State;
>
> \*\*\*

Md. Code Ann., Cts. & Jud. Proc. § 6-103(b). Thus, although the Plaintiff has not specifically referenced the Maryland long-arm statute, the allegations in his Complaint and the arguments advanced in his Response in Opposition to the Motion to Dismiss adequately identify the State statute that authorizes this Court's jurisdiction over Heinz Kettler. Accordingly, the first prong of the personal jurisdiction analysis is satisfied.

As to the second prong of the test, this Court must determine whether exercising personal jurisdiction would comport with the due process requirements of the Fourteenth Amendment. *In re Titanium Dioxide Antitrust Litig.*, 775 F. Supp. 2d at 796. Due process only requires that a nonresident defendant have "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Whether sufficient minimum contacts are present

"depends on the number and relationship of a defendant's contacts to the forum state and whether a defendant's alleged act or omission is related to the present cause of action." *In re Titanium Dioxide Antitrust Litig.*, 775 F. Supp. 2d at 797. The United States Court of Appeals for the Fourth Circuit "has made clear that due process requires that a defendant's contacts with the forum state be tantamount to physical presence there." *Ritz Camera Ctrs., Inc. v. Wentling Camera Shops, Inc.*, 982 F. Supp. 350, 353 (D. Md. 1997).

Defendant Heinz Kettler moves to dismiss on the grounds that Maryland's long arm statute does not apply and that it would not comport with due process for this Court to exercise personal jurisdiction over it. Specifically, Heinz Kettler argues that it does not solicit business, derive any revenue from sales, or engage in any activities in Maryland whatsoever. Rather, it manufactures goods in Germany, then sells the goods to Defendant Kettler USA, a different corporate entity with separate officers and directors, accounting procedures, and books and records. Kettler USA in turn distributes the goods in this country, free from the control of Heinz Kettler. Therefore, Defendant Heinz Kettler argues that it does not have the minimum contacts with Maryland required for personal jurisdiction under the Maryland statute or the Constitution.

In spite of the Defendant's arguments to the contrary, the Plaintiff has made a *prima facie* showing that Heinz Kettler is subject to personal jurisdiction in this Court. Heinz Kettler products are sold through retailers located throughout Maryland. Although Heinz Kettler states that it does not directly engage in any business in Maryland, it uses Kettler USA as an intermediary to market, sell, and distribute products in this State. The Plaintiff also notes that Heinz Kettler sells some goods through its Internet website, and the site

indicates that at least some of its products are manufactured in Virginia. Taking those facts as asserted, in the light most favorable to the Plaintiff, he has demonstrated that Heinz Kettler has subjected itself to jurisdiction in Maryland under the "stream of commerce" theory articulated by the Supreme Court in *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980); *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102 (1987). Under that theory, even if a foreign manufacturer does not have direct contacts with the forum state, it may still be proper to assert personal jurisdiction over a defendant "that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." *World-Wide Volkswagen Corp.*, 444 U.S. at 297-98. "Due Process does not require that the contacts the alien manufacturer has with the forum state be directly created and maintained by the manufacturer, if the manufacturer indirectly, but intentionally, introduces the goods into a market that includes the forum state, since the contacts then are not merely fortuitous, but are intended." *Copiers Typewriters Calculators, Inc. v. Toshiba Corp.*, 576 F. Supp. 312, 320 (D. Md. 1983) (citing *World-Wide Volkswagen Corp.*, 444 U.S. at 297-98). However, mere foreseeability is insufficient. *Windsor v. Spinner Indus. Co.*, 825 F. Supp. 2d 632, 638 (D. Md. 2011) (citing *J. McIntyre Mach., Ltd. v. Nicastro*, ___ U.S. ___, 131 S. Ct. 2780 (2011)). The relevant question is "whether . . . the defendant has created a substantial connection to the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state." *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945-46 (4th Cir. 1994).

This case is similar to *Copiers Typewriters Calculators, Inc.*, another case in this Court in which Japanese manufacturer Toshiba only distributed products in the United States through

a wholly-owned subsidiary. This Court held that Toshiba, "[b]y its efforts to serve the United States market, by placing its goods in the stream of commerce which will supply that market, and by welcoming the sales and the revenue derived therefrom," intended that its goods reach the United States and should reasonably anticipate being haled into court in a state where those goods ultimately cause harm. 576 F. Supp. at 319-20. In this case, the Plaintiff has presented *prima facie* evidence that Heinz Kettler purposefully directed its products to, and had a reasonable expectation of sales in, the United States as a whole, and Maryland specifically. The fact that it may use Kettler USA as an intermediary does not insulate it from this Court's jurisdiction over a claim for wrongdoing connected to a Heinz Kettler product.[1] *Kernius v. Int'l Elecs., Inc.*, 433 F. Supp. 2d 621, 626 (D. Md. 2006).

Additionally, the Plaintiff has presented evidence that Kettler USA acted as Heinz Kettler's agent in engaging in a persistent course of conduct in Maryland that derives revenue from the sale of goods. Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(4); *Finance Co. of Am. v. BankAmerica Corp.*, 493 F. Supp. 895, 906-07 (D. Md. 1980) (recognizing that personal jurisdiction may be established by an agency theory) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)). In particular, Heinz Kettler admits that it uses Kettler USA exclusively to market, sell, and distribute its products in the United States, including Maryland. Moreover, in *Kettler International v. Razor USA*, No. TSE-10-0708, ECF No. 36-1 (E.D. Va. Sept. 9, 2010), a patent case, the Senior Vice President of Kettler USA admitted the close affiliation between Heinz Kettler and Kettler USA. Therefore, this Court concludes that maintenance of this suit against Heinz Kettler "does not offend traditional

---

[1] Notably, Heinz Kettler makes no argument regarding the stream of commerce theory of personal jurisdiction in its Reply to the Plaintiff's Opposition.

notions of fair play and substantial justice," *Int'l Shoe Co.*, 326 U.S. at 316, under the Maryland long-arm statute and the United States Constitution. In sum, based on the allegations in the Amended Complaint and supporting evidence attached to the Plaintiff's Opposition, Valichka has made a *prima facie* case showing that Defendant Heinz Kettler is subject to this Court's personal jurisdiction as to the claims in this case.

## CONCLUSION

For the reasons stated above, Defendant Heinz Kettler's Motion (ECF No. 21) is DENIED.

A separate Order follows.


Dated:  June 24, 2014                                  _____/s/_____
                                                       Richard D. Bennett
                                                       United States District Judge